UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Maurice Antowan Marshall, | ) | C/A No. 6:17-cv-03491-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| United Parcel Service, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Dismiss. ECF No. 30. Plaintiff filed a letter opposition, and Defendant filed a Reply. ECF Nos. 33, 34. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On June 26, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted in part and denied in part. ECF No. 35. Defendant filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends granting in part and denying in part Defendant's Motion to Dismiss. Significantly, the Magistrate Judge finds that, while Plaintiff's Complaint fails to state a plausible cause of action with respect to discrimination and retaliation, Plaintiff attached his Charge of Discrimination ("Charge") to his Complaint which contains more factual allegations. Accordingly, the Magistrate Judge finds that, reading Plaintiff's Complain in conjunction with his Charge, Plaintiff has alleged sufficient facts to survive the Motion to Dismiss with respect to Plaintiff's discrimination and retaliation claims. In the alternative, the Magistrate Judge recommends allowing Plaintiff to amend his Complaint in the event that this Court determine his pleading is deficient.[1]

In its partial objections to the Report, Defendant argues that Plaintiff's Complaint fails to meet the applicable pleading standard recognized by this Court with respect to his discrimination and retaliation claims. It contends that these claims should have been dismissed with prejudice because it is improper to allow the Charge to essentially stand

---

[1] The Magistrate Judge also recommends dismissal of Plaintiff's hostile work environment claim and, to the extent he intended to raise it, his Family and Medical Leave Act disability claim.

in for a Complaint.² In the alternative, Defendant asserts that the Court should dismiss this action without prejudice so that Plaintiff can file an amended complaint that sets forth factual allegations to support his discrimination and retaliation claims.

In this action, Plaintiff's factual allegations in his Complaint consist of the following sentence: "The company UPS discriminated against me retaliation against me and harrase me." He does provide additional information in the Charge that he attaches to the Complaint. Further, the Court notes that, as a pro se Plaintiff, he is entitled to liberal construction of his pleadings.

However, even under this liberal standard, Plaintiff's Complaint is insufficient. The Supreme Court has made clear that Rule 8's "plain statement" requirement demands "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "liberal construction [of a pro se party's pleadings] does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.2004); *see also Sayadian v. Facebook, Inc.*, No. CV GLR-15-3339, 2016 WL 192538, at *2 (D. Md. Jan. 15, 2016) ("Even affording Sayadian's Complaint the most liberal construction, the Court finds that it fails to state a claim on which relief may be granted. Sayadian's Complaint consists of nothing more than a threadbare recitation of the elements of his causes of action that is completely devoid of factual enhancement."). Moreover, while it may be appropriate to look to the Charge to supplement a deficient complaint, the Court finds that to allow this case to proceed in its current condition would

---

² Defendant makes additional arguments, that the Court finds it does not need to address at this time.

be tantamount to allowing the Charge to stand in for the Complaint rather than supplement.

Based upon the foregoing, Plaintiff's Complaint is subject to dismissal as it fails to state a claim upon which relief may be granted against Defendant. **Plaintiff is directed to file an Amended Complaint to correct the defects identified above within 15 days of this Order**. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). If Plaintiff fails to file an amended complaint, this action will be subject to dismissal for failure to prosecute and failure to comply with an Order of this Court.

The Court adopts in part the Report to the extent it recommends allowing Plaintiff to amend his Complaint. The remainder of the Report is held in abeyance. Defendant's Motion to Dismiss is held in abeyance.

The Clerk of Court is directed to mail Plaintiff a blank complaint for employment discrimination along with a copy of this Order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 22, 2019
Spartanburg, South Carolina