IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Maurice Antowan Marshall, | ) | C/A No. 6:17-cv-3491-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United Parcel Service, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Motion to Dismiss. ECF No. 48. Plaintiff filed a Response, and Defendant filed a Reply. ECF Nos. 52, 53. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On November 7, 2019, the Magistrate Judge issued a Report recommending that the Motion be granted in part and denied in part. ECF No. 56. Defendant filed Objections to the Report on November 21, 2019. ECF No. 58. Therefore, the Motion is ripe for review.

## **BACKGROUND**

On December 28, 2017, Plaintiff, proceeding *pro se*, filed a Complaint asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). ECF No. 1. After being granted leave to file a responsive pleading out of time, Defendant filed a Motion to Dismiss on May 17, 2018. ECF No. 30. Plaintiff filed a Response, and Defendant filed a Reply. ECF Nos. 33, 34. On June 26, 2018, the Magistrate Judge issued a Report recommending the Motion to Dismiss be granted in

1

part and denied in part. ECF No. 35. On February 22, 2019, the Court adopted the Report, in part, and granted Plaintiff leave to amend his Complaint. ECF No. 40.

On March 6, 2019, Plaintiff, an African American, filed an Amended Complaint, alleging claims for race discrimination, retaliation, and hostile work environment pursuant to Title VII.[1] ECF No. 43. Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on March 20, 2019. ECF No. 48. Plaintiff filed a Response, and Defendant filed a Reply. ECF Nos. 52, 53. The Magistrate Judge issued a Report on November 7, 2019, recommending that Defendant's Motion be granted as to Plaintiff's hostile work environment claim and denied as to Plaintiff's race discrimination and retaliation claims. ECF No. 56. On November 21, 2019, Defendant filed Objections to the Report. ECF No. 58. As detailed below, the Court overrules Defendant's objections and adopts the Report.

## **LEGAL STANDARDS**

### I. Magistrate Judge Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See*

---

[1] The Report outlines the allegations of Plaintiff's Amended Complaint, and the Court incorporates that discussion herein. *See* ECF No. 43 at 2–4.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

II. **Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted

3

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I. Plaintiff's Race Discrimination Claim

As to Plaintiff's discrimination claim, the Magistrate Judge found:

> Here, Plaintiff alleges in his pleadings that he is a member of a protected class (African American), that he had been hired and been working for the Defendant for several years, and that he was subjected to an adverse employment action when he was first disciplined for a driving infraction and then ultimately terminated. As for the final prong of the prima facie case, Plaintiff alleges that two white drivers who had committed more egregious driving infractions were not similarly disciplined or discharged, as well as that his superiors engaged in conduct demonstrating a racial animus with respect to their treatment of him, to include referring to him as a 'N*****.' Giving Plaintiff's allegations the liberal construction to which he is entitled as a <u>pro se</u> litigant and to allow for the development of a potentially meritorious case, the undersigned finds that these allegations are sufficient to state a prima facie case for disparate treatment under Title VII. Although the Defendant argues that Plaintiff has failed to sufficiently allege that the two white employees were 'similarly situated' to him to be comparators, Plaintiff alleges that he was a driver for UPS and the two white employees identified were also drivers for UPS, with all three being involved in automobile accidents. These allegations are sufficient for purposes of a Rule 12 motion.

ECF No. 56 at 7 (internal citation and footnote omitted). Defendant objects to the Report, contending that Plaintiff's Amended Complaint "is devoid of factual allegations that his job performance was satisfactory" and "lacks sufficient detail regarding the alleged comparators to whom he compares himself." ECF No. 58 at 2.

As the Magistrate Judge noted, "Plaintiff's initial pleadings indicated that he had been working for the Defendant since April 1999. Although he did not repeat that date in his Amended Complaint, it is contained in his [January 13, 2016] EEOC filing." ECF No.

4

56 at 7 n.6 (citations omitted). Plaintiff's Amended Complaint does not attach a copy of this EEOC complaint; however, in light of the liberal construction afforded to *pro se* litigants, the Court construes Plaintiff's Amended Complaint as incorporating this EEOC complaint by reference. This, in concert with the allegations of Plaintiff's Amended Complaint, gives rise to the plausible inference that Plaintiff's job performance was satisfactory.

Plaintiff's Amended Complaint alleges that he was similarly situated to two white UPS drivers—Jay Pavetiar[2] and Rick Brawling. ECF No. 43-1 at 2–3. Generally, the Amended Complaint alleges that both drivers were in serious accidents and were treated differently than Plaintiff. Defendant argues in its objections that Plaintiff is not similarly situated to Mr. Pavetiar because they worked at different facilities and reported to different managers and both individuals were terminated for failing to follow policies and procedures, "but Plaintiff's termination was also based on his insubordinate behavior and failure to cooperate with [Defendant's] investigation of his serious accident." ECF No. 58 at 5. Defendant also argues that Plaintiff is not similarly situated to Mr. Brawling because Plaintiff's Amended Complaint "failed to identify when Mr. Brawling purportedly caused an accident and includes no factual detail regarding whether Plaintiff and Mr. Brawling worked at the same UPS facility where the same management team and decision-makers decided to terminate their employment." *Id.* at 6–7.

The Court finds that Plaintiff has plausibly alleged that he was similarly situated to Mr. Pavetiar; however, the Amended Complaint does not plausibly allege that Plaintiff

---

[2] According to Defendant, this driver's name is John Perfater. For purposes of consistency, the Court refers to the individual as Mr. Pavetiar.

5

was similarly situated to Mr. Brawling. According to the Amended Complaint, Plaintiff's accident only caused a side mirror to be cracked, while Mr. Pavetiar's accident damaged two other vehicles, sending one of the drivers to the hospital, and Mr. Brawling's accident killed another driver after running off the road. *See* ECF No. 43-1 at 2–3. Plaintiff alleges that Mr. Pavetiar admitted he was "on his phone and not paying attention while driving a package delivery truck," but was only suspended for 10 days. *Id.* at 2. In contrast, Mr. Brawling was terminated but was able to get his job back through the union grievance process. The Court finds that the Amended Complaint alleges that Plaintiff and Mr. Brawling were treated similarly, as both were terminated. Therefore, Mr. Brawling is not an appropriate comparator under Title VII. *See Saxton v. Town of Irmo Police Dep't*, No. 3:15-1244-JFA, 2017 WL 676579, at *3 (D.S.C. Feb. 21, 2017) ("Under the burden-shifting framework . . . the Plaintiff can establish a *prima facie* case of race discrimination by showing[, *inter alia*] . . . similarly-situated employees outside the protected class received *more favorable* treatment. (emphasis added)). However, in light of the liberal standard afforded to *pro se* pleadings,[3] the Court concludes that Plaintiff has plausibly alleged that Mr. Pavetiar, a white UPS driver, was in a more serious accident and was

---

[3] The Court has given Plaintiff's Amended Complaint liberal construction and drawn all reasonable inferences in favor of Plaintiff. However, the Court notes that, even in light of the liberal pleading standard, this case presents a close question as Plaintiff does not offer much detail about Mr. Pavetiar's employment. *See Ballew v. United Parcel Serv.*, No. 6:18-cv-00059-DCC-JDA, 2018 WL 5074603, at *5 (D.S.C. Aug. 20, 2018), *adopted by* 2018 WL 5043887 (D.S.C. Oct. 17, 2018) ("Without further factual enhancement, the bare allegation that two male employees were reinstated to their prior positions fails to give rise to the inference that Defendant's failure to reinstate Plaintiff to a full-time driver position occurred under discriminatory circumstances."). The Court reminds Plaintiff that he will have to meet a higher evidentiary burden in the event a motion for summary judgment is filed in this case.

treated in a disparate manner.[4] The Court acknowledges that Plaintiff's discrimination claim may be difficult to prove; however, that is a matter for the Court to consider at the summary judgment stage of the proceedings. Accordingly, the Court overrules Defendant's objection as to Plaintiff's race discrimination claim.

## II. Plaintiff's Retaliation Claim

As to Plaintiff's retaliation claim, the Magistrate Judge found that Plaintiff plausibly alleged each of the elements of a retaliation claim. First, the Magistrate Judge found that "Plaintiff clearly alleges that he engaged in protected activity" because he filed two charges with the Equal Employment Opportunity Commission ("EEOC"). ECF No. 56 at 9–10. Second, the Magistrate Judge found that Plaintiff plausibly alleged that "Defendant took an adverse employment action against him, first by assigning him a new route under conditions that he could not properly complete, then deciding to terminate him in June 2015 (before deciding to only place him on thirty (30) days leave without pay while investigating), and then ultimately confirming his termination in August 2015." *Id.* at 10 (citation omitted). Finally, the Magistrate Judge found that Plaintiff has plausibly alleged a causal connection between his protected activity and the adverse action by pleading that his supervisor "told another UPS driver that he 'was going to get [Plaintiff] for filing the charges against him'" and using a racial epithet in doing so. *Id.* at 10–11.

Defendant objects to the Report, contending that: (1) Plaintiff's retaliation claim is time-barred; (2) Plaintiff did not identify the protected activity in which he engaged that

---

[4] Defendant contends that the Court can consider previously filed documents indicating that Mr. Pavetiar was terminated rather than suspended. *See* ECF No. 33-1. However, those documents are not sufficiently incorporated by reference in the Amended Complaint to be considered without converting Defendant's Motion to Dismiss to a Motion for Summary Judgment.

7

would have motivated Defendant to retaliate against him; and (3) Plaintiff included no factual allegations demonstrating the existence of a causal connection between protected activity and his June 4 termination. As detailed below, the Court overrules Defendant's objections.

First, Defendant claims that Plaintiff's retaliation claim is time barred. As stated above, the Court construes Plaintiff's Amended Complaint as incorporating by reference the January 13, 2016 EEOC charge. The Court acknowledges that Plaintiff's Amended Complaint is confusing in many ways. The Amended Complaint states that Plaintiff was "fired on June 4th" when he was "given a new route by [Defendant] that included ground and air packages." ECF No. 43-1 at 4. After Plaintiff was unable to complete the route, he was "placed on 30 days leave without pay and eventually fired." *Id.* The January 13, 2016 EEOC charge states that Plaintiff was "discharged by Aubrey Farmer on August 24, 2015, after being in an accident." ECF No. 1-1 at 2. Construing Plaintiff's Amended Complaint liberally, as this Court is required to do, the Court draws a reasonable inference that Plaintiff was suspended for 30 days on June 4, 2015 and, ultimately, fired on August 24, 2015. Thus, the Magistrate Judge properly determined that "[t]he EEOC charge at issue in Plaintiff's retaliation claim is Charge No. 436-2016-00374, which was filed after his August termination." ECF No. 56 at 11–12 n.10. Accordingly, the Court finds that Plaintiff's retaliation claim is not time-barred and overrules Defendant's objection.

Second, Defendant contends that Plaintiff cannot show that he engaged in temporally proximate protected activity before his termination. Plaintiff alleges that he "file[d] discrimination charges against [Defendant]" after the February 2015 accident. ECF No. 43-1 at 2. Plaintiff further alleges that, after finding out Plaintiff "went to the

8

[EEOC]," Plaintiff's supervisor "informed a white driver . . . that he 'was going to get [Plaintiff] for filing the charge'" and told the white driver, "if that N***** even farts, we're going to fine him." *Id.* at 2–3. This is sufficient to plausibly allege that Plaintiff engaged in protected activity; accordingly, Defendant's second objection is overruled.

Finally, Defendant argues that Plaintiff included no factual allegations demonstrating a causal connection between the protected activity and his termination. As the Magistrate Judge noted, Plaintiff's Complaint "lacks the clarity of a formal pleading filed by an attorney." ECF No. 56 at 11 n.9. However, the supervisor referenced above appears to be the same supervisor "who refused to allow Plaintiff to remedy the problems with his packages for his new route, and then failed to provide requested information to the Union representative about Plaintiff's driving records before placing Plaintiff on thirty (30) days leave without pay and then firing him." *Id.* at 11. This is sufficient to plausibly allege a direct causal connection between Plaintiff's protected activity and the adverse employment action. Although Plaintiff's claims may not survive a summary judgment motion, Plaintiff has met the requisite pleading standards for a Title VII retaliation claim. Accordingly, the Court overrules Defendant's third objection.

## **CONCLUSION**

For the foregoing reasons, the Court overrules Defendant's objections. Additionally, the Court has reviewed the remainder of the Report and finds no clear error. Accordingly, the Court **ADOPTS** the Report, and Defendant's Motion to Dismiss, ECF No. 48, is **GRANTED IN PART** and **DENIED IN PART**.

IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

March 31, 2020
Spartanburg, South Carolina